## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATHANIEL COPT and | ) | |
| BRITTA COPT, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:06CV594 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DONALD JAMES DUCHNYCH, | ) | |
| H & R TRANSPORT, LTD., | ) | |
| JOHN B. LATHAM. | ) | |
| J AND J SUPPLY INC., | ) | |
| CRAIG ALLEN LANNING, | ) | |
| HANDEI MACK INC., | ) | |
| CIAPAS ALENAS, | ) | |
| ZML TRANSPORT INC., | ) | |
| MARK TERPENNING and FEDEX | ) | |
| GROUND PACKAGE SYSTEM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the requests for change of place of trial filed by the plaintiffs (Filing No. 4) and by the defendants Craig Allen Lanning and Handei Mack Inc. (Filing No. 6). The plaintiffs filed an affidavit in support of their request for trial to be held in North Platte, Nebraska. **See** Filing No. 4, Exhibit A. No other party participated in the briefing related to the requests.

### BACKGROUND

According to the allegations in the complaint, the plaintiffs and each of the individual defendants were involved in a multi-vehicle collision on eastbound Interstate 80 approximately three-tenths of a mile east of milepost 169 in Lincoln County, Nebraska. **See** Filing No. 1, Exhibit A. The plaintiffs are residents of Golden, Colorado. **Id.** The plaintiff states none of the parties are residents of North Platte, Lincoln, or Omaha, Nebraska. **See** Filing No. 4 - Snyder Aff. However, the collision took place near North Platte, Nebraska. **Id.** The plaintiffs initially received medical treatment in North Platte and the accident was investigated by the Nebraska State Patrol by officers based in North Platte. **Id.** The attorneys who have made appearances for the parties have offices in Omaha, Lincoln and Scottsbluff, Nebraska, as well as Denver, Colorado.

This action was initially filed by the plaintiffs in the District Court of Lincoln County, Nebraska.  **See** Filing No. 1, Exhibit A.  On September 18, 2006, when the matter was removed, the defendant FEDEX Ground Package System, Inc. requested trial take place in Omaha, Nebraska.  On September 27, 2006, the plaintiffs made their request for trial in North Platte.  **See** Filing No. 4.  On September 29, 2006, as part of their answer to the complaint, the defendants Craig Allen Lanning and Handei Mack Inc. also requested trial be held in North Platte, Nebraska.  **See** Filing No. 6.  None of the other answering defendants have made a specific request for place of trial.

### ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action or the removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, or the plaintiff in a removed action within ten (10) days after service of the notice of removal, may file a written Nebraska Civil Rules request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel."  NECivR 40.1(b)(2).  Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another.  **See** 28 U.S.C. § 1404(a).  Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district.  **Id.** Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight.  ***Standard Office Sys. v. Ricoh Corp.***, 742 F. Supp. 534, 537 (W.D. Ark. 1990).  The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of

justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare *Terra Int'l, Inc. v. Mississippi Chem. Corp.***, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. ***BASF Corp. v. Symington***, 50 F.3d 555, 557 (8th Cir. 1994); ***Gen. Comm. of Adjustment v. Burlington N.R.R.***, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. ***Nelson***, 747 F. Supp. at 535 (**citing *Van Dusen v. Barrack***, 376 U.S. 612, 646 (1964)); ***General Comm.***, 895 F. Supp. at 252; **see also *Ferens v. John Deere Co.***, 494 U.S. 516, 522-23 (1990).

The convenience of the witnesses, on the basis of the affidavit before the court, appears to favor North Platte. The relative convenience of trial in North Platte outweighs the convenience to counsel or the parties of having trial in Omaha or Lincoln. After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be North Platte, Nebraska. The matter will not be reassigned to alternate judges based on the change in located of trial. Upon consideration,

**IT IS ORDERED:**

1. The motions for change of place of trial filed by the plaintiffs (Filing No. 4) and by the defendants Craig Allen Lanning and Handei Mack Inc. (Filing No. 6) are granted.

2. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is North Platte, Nebraska.

DATED this 8th day of November, 2006.

BY THE COURT:
s/ Thomas D. Thalken
United States Magistrate Judge