IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATHANIEL COPT and<br>BRITTA COPT, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 8:06CV594 |
| vs. | )<br>) | ORDER |
| DONALD JAMES DUCHNYCH,<br>H & R TRANSPORT, LTD.,<br>JOHN B. LATHAM.<br>J AND J SUPPLY INC.,<br>CRAIG ALLEN LANNING,<br>HANDEI MACK INC.,<br>CIAPAS ALENAS,<br>ZML TRANSPORT INC.,<br>MARK TERPENNING and FEDEX<br>GROUND PACKAGE SYSTEM, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

This matter is before the court *sua sponte*.

This action was initially filed by the plaintiffs in the District Court of Lincoln County, Nebraska. **See** Filing No. 1, Exhibit A. According to the allegations in the complaint, the plaintiffs and each of the individual defendants were involved in a multi-vehicle collision on eastbound Interstate 80 approximately three-tenths of a mile east of milepost 169 in Lincoln County, Nebraska. **See** Filing No. 1, Exhibit A. On September 18, 2006, the defendant FEDEX Ground Package System, Inc. removed the case to the United States District Court for the District of Nebraska.

No party has moved for remand, however pursuant to 28 U.S.C. § 1441(b):

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.</u>

28 U.S.C. § 1441(b) (emphasis added).

"[V]iolation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" **Horton v. Conklin**, 431 F.3d 602, (8th Cir. 2005) (**quoting Hurt v. Dow Chemical Company**, 963 F.2d 1142, 1146 (8th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The record shows that the defendants John B. Latham and J and J Supply Inc. are Nebraska residents. **See** Filing No. 1. Additionally, both Nebraska defendants have been served. **See** Filing Nos. 10 and 11. Accordingly, the parties shall have an opportunity to show cause why this matter should not be summarily remanded.

**IT IS ORDERED:**

The parties shall have to **on or before November 22, 2006**, to show cause why this matter should not be remanded for lack of subject matter jurisdiction.

DATED this 8th day of November, 2006.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge